IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY CHARLES BROWN | : CIVIL ACTION |
| v. | : |
| COMMONWEALTH OF PENNSYLVANIA | : NO. 08-cv-2158 |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the *only* possible means of obtaining this type of relief from state custody. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

In cases involving prisoners in state custody, AEDPA, if it applies at all, provides for relief by means of 28 U.S.C. §2254 for a petitioner who raises a *constitutional*[2]

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court.

[2] Where there is an attack on state custody which does not involve a Constitutional argument, there is no right to habeas corpus relief, and, assuming that petitioner's appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency. Herrera v. Collins, 506 U.S. 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA. Ruiz v. USA, 221 F.Supp.2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

attack on the imposition, **_and/or_** the execution,[3] of a state conviction and/or a state sentence, which may only be filed after the state conviction has been imposed.[4]

On May 9, 2008, petitioner filed a petition in this court seeking his release from state custodial status based on three claims:

1. that the warrant issued for his arrest in the state proceedings was allegedly constitutionally defective, as it allegedly relied on a faulty affidavit;

2. that the warrant issued for his arrest in the state proceedings was allegedly based on hearsay evidence; and,

3. that petitioner was allegedly not given the opportunity to present information or testimony on his own behalf.

These are clearly claims that petitioner's rights guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United Constitution have been violated, for which relief is available pursuant to AEDPA; however, petitioner seeks to base his request for relief not on AEDPA, but on Federal Rule of Civil Procedure 60(b).  We note that petitioner has filed a prior Rule 60(b) petition in this court labeled 08-cv-1284, which raised the exact same arguments raised in the instant matter, and that 08-cv-1284 was denied.

For the exact same reasons set forth by this court at great length in 08-cv-1284, it is hereby **ORDERED**, this                              Day of May, 2008, that petitioner's application for relief pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**, and that the Clerk of this Court shall mark this matter as **CLOSED** for all purposes, including statistics.

_____
ANITA B. BRODY, U.S. District Judge

---

[3] Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[4] Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

2